

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 22, 1957

Honorable Claude Isbell
Executive Secretary
Board of Regents
State Teachers Colleges
Box K, Capitol Station
Austin, Texas

Opinion No. WW-3

Re: Payment of travel expenses
of the presidents and/or
their authorized represen-
tatives of the six State
Teachers Colleges to Austin
during sessions of the
Legislature.

Dear Sir:

     We refer to your request presenting, in substance,
the following data and question:

     "On December 20, 1956, the Board of Regents
of the State Teachers Colleges passed the follow-
ing resolution:

     "'The President and appropriate members of
the administrative staff of the six Teachers
Colleges under the jurisdiction of this Board
be authorized to attend called meetings initiat-
ed by the Council of College Presidents and the
following agencies; Legislative Budget Board, the
Governor's Executive Budget office, the Commis-
sion on Higher Education, or the Advisory Com-
mittee to the Commission on Higher Education and
also in response to calls made by legislative
committees; with the understanding the resolu-
tion on the same subject adopted by the Board
at Huntsville, Texas, on October 26, 1956 remain
in full force and effect. The motion adopted at
the October 26 meeting reads as follows:
The Board authorize the presence of the several
presidents of the six teachers colleges, and/or
their authorized representatives and the neces-
sary official travel incident to the said pres-
ence in Austin, Texas, for the performance of

their official duties and responsibilities
at appropriate times during the interval in
which the forthcoming regular session of the
fifty-fifth Legislature may be convened. Such
travel to be approved by the Chairman or a mem-
ber of the local committee, provided the Chair-
man cannot be reached. In making a request for
permission to go to Austin at State expense the
President will set forth in his request the
reason for going and after he has returned to
give the Board a report on his activities and
accomplishments while in Austin.'"

Question: Would the administrative officers or repre-
sentatives of the state teachers colleges by complying with the
foregoing resolution, be authorized to visit the City of Austin
at any time during the 55th session of the Legislature and have
their expenses paid for such trips out of the funds of these
colleges?

Section 21 of Article V of House Bill 140, Acts of
the 54th Legislature, Regular Session, 1955, chapter 140, page
1348 at page 1584 (Biennial Appropriation Bill, Special Provi-
sions Generally Applicable to Agencies of Higher Education) pro-
vides:

"Travel authorizations. None of the moneys
appropriated in this Article to the respective
state agencies of higher education may be ex-
pended for reimbursing the official travel ex-
penses of any executive head thereof, or of any
member of the administrative staff thereof, to
Austin during sessions of the Texas Legislature
without the specific and advance, written approval
or authorization by the Governing Board of such
state agency of higher education."

The explicit language of Section 21, supra, contemplates
that before any of the administrative officers of the several
state agencies of higher education, which includes the state
teachers colleges, shall be entitled to reimbursement for travel
expenses to Austin during sessions of the Texas Legislature it must
appear that written authorization for the specific trip was ob-
tained from the governing board of the proper agency of higher
education before such travel was performed.

Opinion No. O-4203 (1941) of this department concerned a provision of House Bill 272, Acts of the 47th Legislature, Regular Session, 1941, similar to the provisions of Section 21, supra. It was held in this opinion that since the advance written consent of a school's governing board was not obtained as required by the statute, prior to the performance of out of state travel, reimbursement for such travel was not permitted. We quote, in part, from the language of the foregoing opinion:

> "The act is clear and explicit in its requirement that 'no travel shall be performed outside the state except upon the advance written consent of the school's Board of Regents or Trustees'. No exception is made from this requirement, authorizing such travel in emergency without the advance written consent of the school's Board of Regents or Directors. We are not at liberty to read such exception into the provisions above quoted."

We are confronted with the further question of whether the Board of Regents of the State Teachers Colleges could delegate legal authority to its chairman or a member of the local committee to pass upon applications for travel authorization to Austin during sessions of the Texas Legislature. It is our view that the Legislature by use of the language "specific and advance, written approval and authorization of the governing board of such state agency of higher education" indicated its intention that only the governing head of such state agency of higher education should exercise the discretion and authority therein contained, and that the exercise thereof could not be delegated to either the chairman of the Board or Agency or a member of the local committee. The general rule of law here applicable is stated by 34 Texas Jurisprudence, Section 79, page 459, as follows:

> "It is a general rule that public duties must be performed and governmental powers exercised by the officer or body designated by law - that they cannot be delegated to others. This is particularly true of duties which are judicial in their nature or which call for the exercise of reason or discretion and which are a part of the public trust assumed."

We, therefore, conclude that the various administrative officers of the State Teachers Colleges shall be entitled to reimbursement for travel expenses to Austin during sessions of the Texas Legislature only if the provisions of Section 21, House Bill 140, supra, of the General Appropriation Bill of the 54th Legislature be complied with. This requires that such officer shall obtain the advance written consent of his governing board for _each_ trip and that such consent may be granted by said board only while in regular or special session with the necessary quorum present for the transaction of business.

## SUMMARY

In order for the administrative officers of the State Teachers Colleges to be entitled to reimbursement for travel expenses to Austin during sessions of the Texas Legislature written, advance authorization for each trip must be given by the Board of Regents of said Colleges pursuant to the provisions of Section 21 of Article V of House Bill 140, Acts of the 54th Legislature, Regular Session, 1955, chapter 140, page 1348 at page 1584. Such authority can be granted by the Board only at a regular or special meeting thereof with the necessary quorum present for the transaction of business.

Yours very truly,

WILL WILSON
Attorney General

By _Leonard Passmore_
Leonard Passmore
Assistant

LP:zt

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman